EASTERN TRANSP. CO. v. CITY OF
NEW YORK.

THE BALDROCK.

No. 291.

Circuit Court of Appeals, Second Circuit.

April 26, 1945.

Ignatius M. Wilkinson, Corp. Counsel, of New York City (Herbert B. Lee, of New York City, of counsel), for appellant.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

The collision occurred about 7 P.M. on November 18, 1943 in the vicinity of Owls Head Buoy No. 24. Visibility was good and the tide was strong ebb. The tug Baldrock was proceeding up the main channel of the Upper Bay bound for Red Hook Anchorage with two coastwise barges in tandem tow. The tug and both barges carried regulation lights and the towing hawser and the hawser between the two barges had been shortened to the prescribed length for these waters. The City's ferryboat "Tremont" was en route from 39th Street, Brooklyn, to St. George, Staten Island. At a distance of more than a quarter of a mile and in such position that both of the ferryboat's running lights were visible to the Baldrock, the latter sounded a two whistle signal which was not answered by the Tremont. Observing that the Tremont was proceeding on a heading which would bring her across the hawser between the tug and the head barge, the master of the Baldrock sounded danger signals and, as soon as he could get to the steering wheel and engine room signals located at the after end of the upper deck to supervise slackening of the hawser, he reversed the tug's engines. The Tremont did not observe any lights displayed by the Baldrock until approximately 500 feet from her. She continued across the hawser and her port side near the stern came into collision with the stem of the first barge, causing damage to the latter and to the towing hawser. The trial judge found that those on the tug and the barge did all that could reasonably be required to endeavor to avoid collision and that the sole proximate cause of the collision was the failure of those on the Tremont to observe the lights of the Baldrock and her tow.

The fault of the Tremont is glaring. Her master admitted that he failed to see the tug's lights until 500 feet away because he "was not looking in that direction." Even then he did not observe the three vertical lights that indicated a hawser tow but contended at the trial that she carried only two lights indicating a tow alongside. So gross a fault is adequate to account for the collision and it would require clear evidence of contributory fault on the part of the Baldrock or the barge to make a case for apportionment. The City of New York, 147 U.S. 72, 85, 13 S.Ct. 211, 37 L.Ed. 84; The Fort St. George, 2 Cir., 27 F.2d 788, 790, certiorari denied sub nom. Bermuda & West Indies S.S. Co. v. Oceanic Steam Navigation Co., 278 U.S. 654, 49 S.Ct. 179, 73 L.Ed. 564. We find no such evidence. The hawsers had been properly shortened after passing Sandy Hook. The

claim that the tug had no lookout is not borne out. Egass, the lookout, may well have run back to the stern bitts to assist with the hawser after the alarm was blown. Complaint is made that delay occurred in reversing the tug's engines but the master's explanation seems adequate that this would have endangered fouling the hawser in the screw unless the hawser were slackened. The contention that the tug was obliged to keep out of the Tremont's way is groundless for there was no possibility of the tug and tow going under the Tremont's stern if the Tremont held her course. Nor was the barge Hooper at fault in not cutting the hawser, for this would not have stopped her headway and the time was too short for her to anchor. We find no clear proof of fault on the part of either tug or barge and cannot say that the district court erred in exonerating them.

Decree affirmed.